# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL NUMBER 19-0029-01** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **JMARREON MACK** | **MAG. JUDGE KAREN L. HAYES** |

### MEMORANDUM ORDER

On October 28, 2019, Defendant Jmarreon Mack ("Mack") filed a "Motion in Limine Potential Government Exhibits" [Doc. No. 65]. Mack is charged in a three-count indictment. Mack moves the Court to exclude: (1) one hundred eight (108) videos of visitation of Mack conducted while he was incarcerated on these charges; and, (2) photographs of alleged contraband which no longer exists.

**Videos of Visitation While Incarcerated**

Mack asserts that the Government provided him access to the 108 videos on October 24, 2019; that the visitations recorded usually consist of thirty minute visits; that a reasonable calculation would place the total volume of this material at a minimum of fifty hours of viewing; and that counsel does not have sufficient time to review the videos and prepare for trial in this matter. Therefore, Mack requests that the Court bar the introduction of the videos as well as any mention of the purported contents of the videos.

The Government responds that Mack's request is moot because it has since provided notice to Mack that it intends to use a portion of only one video recording in trial, whether on direct or rebuttal, and that the total length of that portion is approximately 25 minutes.

Mack's argument is exclusively premised on the unfair burden of having to view the entirety of all 108 jailhouse video records. The large volume of time that Mack cites as grounds for exclusion is no longer a factor. Accordingly, to the extent Mack seeks exclusion of the entirety of the 108 videos,

**IT IS ORDERED** that Mack's motion in limine is **DENIED AS MOOT**. The Government will be allowed to present the one video it has provided notice of to Mack.

**Photographs of Alleged Contraband**

Mack asserts that: (1) On October 25, 2019, the Government provided correspondence, dated October 23, 2019, from the Louisiana State Police, regarding alleged contraband seized in the above referenced matter; (2) said correspondence advised that the grinder, digital scale and clear plastic bags derived from the arrest of Mack by Trooper Hollingsworth were not taken in as evidence and are not in the possession of the State Police-Troop F; (3) said correspondence advised that Troop Fs' practice is to photograph non-drug items that do not contain testable amounts of control substance such as those aforementioned and considered to be paraphernalia; (4) the photos were then uploaded to their reporting system for court purposes; and (5) the Government has let it be known that it intends to introduce the photographs in lieu of the original items.

Mack therefore seeks an order preventing the introduction of the photographs of the alleged contraband which no longer exists.

Mack argues that the jury will not be able to perform its role of examining the tangible item and determining whether or not the photographs accurately reflect the actual items. Mack contends that under Federal Rule of Evidence, Rule 1008, the jury determines any issue about whether other evidence of content (such as a photograph) accurately reflects the content.

Mack further argues that the jury will not be able to examine the items and determine whether said items appear to be used in the manner that the Government proposes, i.e. as contraband. He asserts that the ownership and/or possession of scales, plastic bags and grinder is not in and of itself illegal. Further, the physical examination of the item would allow him to see that there was no residue in any of the items, inasmuch as there is a LSP Letter [Doc. No. 65-2] indicating there was insufficient residue

for testing, which is in and of itself potentially exculpatory evidence. Mack concludes that, considering this potentially exculpatory nature of the tangible exhibits, which cannot be clearly determined in a photograph, and the destruction thereof as admitted in the correspondence, the Government should be subject to great sanctions and punishments.

The Government responds that the Court should neither exclude the photographs and testimony of the drug paraphernalia nor grant a limiting instruction because the physical paraphernalia was not materially exculpatory, and the police did not act with bad faith or conduct.

The Court agrees with the Government. The Due Process Clause is violated when the Government "suppresses or fails to disclose material exculpatory evidence," regardless of the "good or bad faith" of the Government. *Illinois v. Fisher*, 540 U.S. 544, 547 (2004). However, the mere "possibility" that additional tests "could have been conducted, which could have revealed potentially exculpatory evidence is not enough to satisfy the constitutional materiality" element. *Allen v. Collins*, 987 F.2d 771 (per curium) (5th Cir. 1993), *quoting Arizona v. Youngblood*, 488 U.S. 51, 58 & n.** (1988).

Accordingly, a different constitutional analysis is used when "the failure of the [government]to preserve evidentiary material of which no more can be said than that it could have been subjected to tests, the results of which might have exonerated the defendant." *Collins*, 987 F.2d at 771, *citing Youngblood*, 488 U.S. at 58 & n.**. Therefore, in the absence of material exculpatory evidence, a due process violation only occurs if the defendant "can show bad faith on the part of the police." *Fisher*, 540 U.S. at 547–48.

Bad faith requires more than mere negligence and turns on whether the police had knowledge of the exculpatory value of the evidence at the time it was destroyed. *Youngblood*, 488 U.S. at 58 & n.**; *United States v. McNealy*, 625 F.3d 858, 869 (5th Cir. 2010). Further, police do not act with bad faith

3

when they destroy evidence according to normal practice, make attempts to preserve the evidence in alternate forms, and otherwise lack the intent to impede the defense. *See Fisher*, 540 U.S. at 548; *McNealy*, 625 F.3d at 870; *United States v. Moore*, 452 F.3d 382, 389 (5th Cir. 2006); *Allen*, 987 F.2d at 771.

Here, Mack has failed to demonstrate that the physical paraphernalia qualified as material exculpatory evidence. *See United States v. Collins*, No. CRIM.A. 07-60053, 2009 WL 78378, at *3 (W.D. La. Jan. 7, 2009) (noting the defendant bears the burden to prove destroyed evidence was material and exculpatory). Assuming Mack is correct that his drug paraphernalia lacked residue, the mere lack of residue on drug paraphernalia is not materially exculpatory information. Even residue-free paraphernalia would still tend to inculpate Mack as a drug dealer. The paraphernalia in this case included plastic baggies, a digital scale, and grinder, which were recovered around the driver's seat of the car in which Mack was stopped, along with 23.5 grams of marijuana and a firearm. A fact finder could not reasonably believe that an absence of residue transformed the digital scale or plastic baggies from inculpatory to material and exculpatory evidence. *See United States v. Agurs*, 427 U.S. 97, 113–14 (1976) (finding that materiality must be considered in the context of the entire record); *Moore*, 452 F.3d at 388 (finding the defendant failed to allege materiality when his "vague assertions" did "not establish any exculpatory evidence, let alone a reasonable probability that such evidence affected the outcome of the trial).

Mack's reasoning, that the inability to now look at the drug paraphernalia precludes the possibility to observe potentially exculpatory evidence, falls squarely within the type of allegation of a mere "possibility" that additional tests "could have been conducted, which could have revealed potentially exculpatory evidence," which "is not enough to satisfy the constitutional materiality" element. *Youngblood*, 488 U.S. 51, 57–58 & n.**; *Allen*, 987F.2d at 771. Accordingly, Mack must

identify bad faith on the part of the police to invoke a due process violation. *See Fisher*, 540 U.S. at 548; *Youngblood*, 488 U.S. 51, 57–58 & n.\*\*; *Allen*, 987F.2d at 771.

Mack has produced nothing to show bad faith on the part of the police. The paraphernalia was destroyed pursuant to police policy, multiple photographs were taken of the paraphernalia as an alternate form of preservation, and there was no intent by the police to suppress the paraphernalia to impede Mack's defense. *See Fisher*, 540 U.S. at 548 (noting destruction occurred pursuant to normal practice); *McNealy*, 625 F.3d at 870 (finding no bad faith when a hard drive was destroyed by police negligence and a copy was made before destruction); *Moore*, 452 F.3d at 389–90 (finding no bad faith when jail calls were destroyed according to normal practice).

Without a constitutional violation, Mack has no avenue to suppression. *See Fisher*, 540 U.S. at 547; *Youngblood*, 488 U.S. 51, 57–58; *Allen*, 987F.2d at 771. Furthermore, Mack has not shown that he is entitled to a jury instruction for the spoliation of evidence. To receive a spoliation instruction, Mack must show that the government acted in bad faith or with bad conduct. *See United States v. Glenn*, 935 F.3d 313, 320 (5th Cir. 2019).

Mack additionally argues that Federal Rule of Evidence 1008 requires that the Court preclude the admission of photographs of the drug paraphernalia. However, the best evidence rule only applies to recordings, the content of which is sought to be proved. *United States v. Yamin*, 868 F.2d 130, 134 (5th Cir. 1989) ("The purpose of the best evidence rule . . . is to prevent inaccuracy and fraud when attempting to prove the contents of a writing."). Therefore, the best evidence rule does not apply to the photographs in the context of this case. *See* FED. R. EVID.1002, advisory committee notes (noting that the best evidence rule is not applicable when a witness "adopts the picture as his testimony, or . . . uses the picture to illustrate his testimony," because "no effort is made to prove the contents of the picture").

Accordingly, to the extent Mack moves to prevent the introduction of the photographs of the alleged contraband which no longer exist,

**IT IS ORDERED** that Mack's motion in limine is **DENIED**.

MONROE, LOUISIANA, this 6th day of November, 2019.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE