UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL NUMBER 19-0029-01** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **JMARREON MACK** | **MAG. JUDGE KAREN L. HAYES** |

## MEMORANDUM ORDER

Pending before the Court is an "Objection to Ruling, Document 82 and Motion to Reconsider Denial to Defendant's Motion in Limine of Government's Exhibits" ("Motion to Reconsider") [Doc. No. 84] filed by Defendant Jmarreon Mack ("Mack"). Mack objects to and moves the Court for reconsideration of its November 6, 2019 Memorandum Order [Doc. No. 82] denying Mack's Motion in Limine regarding potential Government exhibits [Doc. No. 65].

First, to the extent that Mack re-urges his Motion in Limine with regard to 107 of the 108 videos of Mack during visitation while he was incarcerated on these charges, the Motion to Reconsider is DENIED. The Government indicated that it does not intend to offer any videos except one, and the Court can rely on counsel's representation as an officer of the Court.

Second, the Court finds no reason to set aside or modify its constitutional analysis with regard to photographs of the grinder, digital scale, and clear plastic bags seized at the time of Mack's arrest, but which were later destroyed pursuant to Louisiana State Police policy. Thus, to this extent, Mack's Motion to Reconsider is also DENIED.

However, Mack has raised issues which must be addressed by the Court. Mack moves the Court to exclude the one video that the Government intends to offer into evidence because it contains double hearsay, reveals information conveyed during an attorney-client conversation, and has no probative value because Mack merely reports what counsel allegedly "told" him. In the cited

conversation, Mack is discussing the vehicle in which he was stopped by police. The car had been obtained from Latrice Manning, and Mack allegedly states the following on the video:

> . . . he [referring to counsel] said he called Trice [Latrice Manning]. . . she was like . . what he say? Oh yeah she picked me up and dropped me off and all and I used the car, but I was telling him . . . you know, like man I just write you questions . . . .

[Doc. No. 84-1, p. 2].

Given the fact that trial is set to begin tomorrow, Wednesday, November 13, 2019, the Court will tentatively rule on this issue without briefing from the Government. If the Government intends to offer this portion of the video, Mack's Motion to Reconsider is GRANTED. The purported statement has little, if any probative value, and invokes concerns about the attorney-client privilege. However, to the extent that the Government may intend to offer other portions of the video, the Court will consider arguments on the issue during an in-Chambers conference prior to the beginning of trial. Counsel should be present in Chambers by 8:45 a.m. if they wish to address this or any other issues.

Mack also raises an additional issue with the Court's Memorandum Order. Mack argues that Federal Rule of Evidence 1008 applies to photographs, as well as recordings and writings, and, thus, the Court should reconsider that portion of its ruling related to the best evidence rule. Federal Rule of Evidence 1002, commonly called the "best evidence rule," provides that "to prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required, except as otherwise provided in these rules or by Act of Congress." The "'original' of a photograph includes the negative or a print from it." FED. R. EVID. 1001.

Federal Rule of Evidence 1004 provides further that

> the original is not required, and other evidence of the contents of a writing, recording, or photograph is admissible if--

(1) Originals lost or destroyed. All originals are lost or have been destroyed, unless the proponent lost or destroyed them in bad faith; or

(2) Original not obtainable. No original can be obtained by any available judicial process or procedure; or

(3) Original in possession of opponent. At a time when an original was under the control of the party against whom offered, that party was put on notice, by the pleadings or otherwise, that the contents would be a subject of proof at the hearing, and that party does not produce the original at the hearing; or

(4) Collateral matters. The writing, recording, or photograph is not closely related to a controlling issue.

Finally, Federal Rule of Evidence 1008, upon which Mack relies, provides:

Ordinarily, the court determines whether the proponent has fulfilled the factual conditions for admitting other evidence of the content of a writing, recording, or photograph under Rule 1004 or 1005. But in a jury trial, the jury determines--in accordance with Rule 104(b)--any issue about whether:

(a) an asserted writing, recording, or photograph ever existed;

(b) another one produced at the trial or hearing is the original; or

(c) other evidence of content accurately reflects the content.

Mack is correct that Rule 1008 applies to photographs, and, to this extent, Mack's Motion to Reconsider is also GRANTED to clarify that Rule 1008 applies to writings, recordings, or photographs. However, as previously noted, Mack does not offer any argument or citation to authority to support reconsideration of the Court's constitutional analysis. Further, the Court stands by its previous analysis otherwise because Mack is not seeking to prove that the photographs themselves are inaccurate or fail to reflect the original photograph. Rather, this is an issue of Rule 1004 that the original evidence was destroyed, and there is no evidence that the Government destroyed them in bad faith. Assuming that the photographs are properly authenticated at trial, they will be admitted.

Accordingly, for these reasons,

**IT IS ORDERED** that Mack's Motion to Reconsider is **GRANTED IN PART and DENIED IN PART.** To the extent that Mack re-urges his Motion in Limine to exclude 107 of the 108 videos of Mack during visitation while he was incarcerated on these charges or with regard to the Court's constitutional analysis with regard to photographs of the grinder, digital scale, and clear plastic bags seized at the time of Mack's arrest, but which were later destroyed pursuant to Louisiana State Police policy, the motion is **DENIED.** To the extent that Mack moves the Court to exclude at least that portion of the one video the Government intends to introduce and which is set forth above, the motion is **GRANTED,** and that portion of the video is excluded. Finally, to the extent that Mack moves the Court to finds that Rule 1008 applies to photographs, as well as recordings and writings, his motion is **GRANTED**. The Court clarifies its understanding that Rules 1001, 1002, 1004, and 1008, relating to best evidence apply to writings, recordings, and photographs, but stands by its previous analysis that Rule 1008 does not apply in this case, and the photographs are properly admissible.

MONROE, LOUISIANA, this 12th day of November, 2019.

TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE