UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CIVIL DOCKET NO. 3:19-CR-00029** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **JMARREON MACK** | **MAGISTRATE JUDGE HAYES** |

### MEMORANDUM ORDER

Pending before the Court is a *pro se* Motion for Compassionate Release [Doc. No. 133] filed by Defendant Jmarreon Mack ("Mack") on February 15, 2022. Mack is currently serving a 180-month term of incarceration. He moves the Court for compassionate release due to COVID-19 risk factors. The United States of America ("the Government") filed a Response in Opposition [Doc. No. 136] on February 25, 2022.

For the reasons set forth herein, Mack's Motion for Compassionate Release is DENIED.

**I.     Background**

On November 14, 2019, Mack was convicted by a jury on three counts; (1) Felon in possession of a firearm 18 U.S.C. § 922(g)(1), (2) Possession with intent to distribute marijuana 21 U.S.C. §§841(a)(1) and (b)(1)(D), and (3) possession of a firearm in furtherance of a drug-trafficking crime 18 U.S.C. § 924(c)(1)(A) [Doc Nos. 101, 102]. Count 3 required a minimum sentence of 60 months [Doc. No. 136]. On March 4, 2020, the Court sentenced Mack to 180 months [Doc. No. 115]. He has an anticipated release date of December 17, 2033 [Doc. No. 136].

On February 8, 2021, Mack tested positive for COVID-19. [Doc. No. 137, p.4]. On April 9, 2021, BOP medical staff offered Mack the Pfizer-BioNTech vaccine, but he refused it [Doc. No. 139].

Mack filed a Notice of Appeal on March 5, 2020 [Doc No. 118]. On July 12, 2021, the United States Court of Appeals for the Fifth Circuit's June 18th Judgment was filed [Doc. No. 132]. Their Judgement affirmed this Court's judgment and sentence [*Id.*].

On January 11, 2022, Mack submitted a request for compassionate release to Warden S. Merendino ("Warden") at the Federal Correctional Institution at Pollock, LA. which was subsequently denied on February 11, 2022 [Doc. No. 136-1].

On February 15, 2022, Mack filed the instant Motion for Compassionate Release [Doc. No. 133]. The Government filed a Response in Opposition to Defendant's Motion for Compassionate Release [Doc. No. 136] on February 25, 2022.

In his Motion for Compassionate Release, Mack maintains he is a prisoner at the Federal Correctional Institution at Pollock, Louisiana. Mack argues that he has multiple serious medical conditions, high blood pressure and obesity, which makes him particularly vulnerable, should he contract COVID-19 again while in prison.

While the Government concedes that Mack has exhausted his administrative remedies, it maintains that he is still not entitled to relief because he has not presented extraordinary and compelling reasons justifying his release, and the relevant § 3553(a) factors weigh against his release.

The Government argues in its Opposition that Mack's motion should be denied because of his refusal to be vaccinated and because he has not proved an extraordinary and compelling medical circumstance. The Government notes, that according to the BOP medical records,

Mack's high blood pressure is controlled by medication when it is taken. The Government also notes that nowhere in his medical records does it state that he is obese.

The issues have been briefed, and the Court is prepared to issue a ruling.

**II.     Law and Analysis**

The First Step Act, 18 U.S.C. § 3852(c)(1)(A), allows prisoners to directly petition courts for compassionate release [Doc. No. 143]. Before filing a motion with the court, prisoners must exhaust their administrative remedies with the BOP. The government concedes that Mack has exhausted his administrative remedies. Because Mack has exhausted his administrative remedies, this Court will with Mack's motion.

A judgment, including a sentence of imprisonment, "may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 825 (2010). Under 18 U.S.C. § 3582(c), a court generally "may not modify a term of imprisonment once it has been imposed," except in three circumstances: (1) upon a motion for reduction in sentence under 18 U.S.C. § 3582(c)(1)(A); (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); and (3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2). Mack again moves to modify his sentence under 18 U.S.C. § 3582(c)(1)(A).

Prior to 2018 only the director of the BOP could file these kinds of compassionate release motions. The First Step Act was signed by President Trump and passed by Congress in 2018. 18 U.S.C. § 3582(c)(1)(A). This Act allows prisoners to directly petition courts for compassionate release after they have exhausted their administrative remedies.

Upon a finding that the prisoner has exhausted his administrative remedies, the district court may reduce a defendant's term of imprisonment if the court finds "extraordinary and

compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3852(c)(1)(A)(i).

### A. Extraordinary and Compelling Circumstances

The Sentencing Commission's Policy statement regarding compassionate release is consistent with the statute and provides, in pertinent part, as follows:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that –
> (1)   extraordinary and compelling reasons warrant the reduction;
> (2)   the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
> (3)   the reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13.

In the commentary following the policy statement, the Sentencing Commission identifies three specific reasons that are considered "extraordinary and compelling" as well as one broader provision for reasons deemed "extraordinary and compelling":

> 1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:
>
> (A)     Medical Condition of the Defendant.—
>
> (i)     The defendant is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (*i.e.*, a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (ii)    The defendant is—
>
> (I)   suffering from a serious physical or medical condition,
>
> (II)  suffering from a serious functional or cognitive impairment, or

    (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

  (B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

  (C) Family Circumstances. —

    (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

    (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

  (D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13. cmt. n. 1.

In *United States v. Shakambi*, 993 F.3d 388, 2021 WL 1291609 (5th Cir. Apr. 7, 2021), the Fifth Circuit addressed, as a question of first impression, whether § 1B1.13 and its commentary bind the district court when ruling on a motion filed by defendants on their own behalf after Congress amended § 3582(c)(1)(A) to permit such filings. The Court held "that neither the policy statement nor the commentary to it binds a district court addressing a prisoner's own motion under § 3582 and "[t]he district court…is bound only by § 3582(c)(1)(A) and, as always, the sentencing factors in § 3553(a). *Shkambi*, 2021 WL 1291609, at *4.

*Shkambi* does not, however, render § 151.13 irrelevant with respect to defendant-filed motions under § 3582(c)(1)(A). As the Fifth Circuit recognized even before *Shkambi*, "[a]lthough not dispositive, the commentary to…§ 1B1.13 informs our analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release." *United States v.*

5

*Thompson*, 984 F.3d 431, 433 (5th Cir. 2021). And other circuits are in accord. *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020) ("the substantive aspects of the Sentencing Commission's analysis in § 1B1.13 and its Application Notes provide a working definition of 'extraordinary and compelling reasons'; a judge who strikes off on a different path risks an appellate holding that judicial discretion has been abused. In this way the Commission's analysis can guide discretion without being conclusive."; *United States v. Aruda*, 2021 WL 1307884, at *4 (9th Cir. Apr. 8, 2021) (Citing *Gunn* and recognizing "[t]he Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motion s filed by a defendant, but they are not binding").

The Defendant bears the burden to establish circumstances exist under which he is eligible for a sentence reduction under 12 U.S.C. § 3582(c)(1)(A)(i). *United States v. Ennis*, EO-02-CR-1430-PRM-1, 2020 WL 2513109, at *4 (W.D. Tex. May 14, 2020) ("[T]he defendant has the burden to show circumstances meeting the test for compassionate release.')(Citing *United States v. Stowe*, No. CR H-11-803 (1), 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 201900; *United States v. Wright*, Crim. Action No. 16-214-04, 2020 WL 1976828 at *6 (W.D. La. Apr. 24, 2020) (Petitioner has the "burden of showing the necessary circumstances, or a combination of circumstances, that would warrant relief under the compassionate release statute.").

**B. Analysis**

In his motion, Mack asserts that because his high blood pressure and obesity put him at higher risk of serious infection from the virus, he has an extraordinary and compelling reason which meets his burden under 18 U.S.C. § 3582 (c)(1)(A) to modify his prison sentence [Doc. No. 133].

Title 18. United States Code, Section 3582(c)(1)(A) provides that extraordinary and compelling reasons that warrant a reduction are "consistent with applicable policy statements issued by the Sentencing Commission." Mack does not suffer from a terminal illness. He is not suffering from a serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process that "substantially diminishes the ability of the defendant to provide self-care within the…correctional facility." *Id.* at cmt. n.1(a)(ii)(I-III). Although the policy statements are no longer binding on the Court, it is noted that his alleged medical issues do not meet the extraordinary and compelling standard as set by the policy statement.

Even though Mack does have medical issues, Mack fails to show that his current conditions are sufficiently severe to diminish his ability to provide self-care. *See United States v. Mazur*, Crim. 435 F.Supp.3d 599, 2020 WL 2113613, at 1, 3-4 (E.D. La. May 4, 2020). According to the medical records, Mack's high blood pressure is controlled when he takes his medicines as directed by the BOP physicians. Additionally, Mack asserts that he suffers from obesity. The Court finds no mention of obesity in his medical records which were provided by the Government.

In addressing Mack's COVID-19 concerns, the Government attached [Doc. No. 136, 197, 138, and specifically 139], a copy of Mack's medical records, which show that Mack was offered and refused the COVID-19 vaccine. According to the Centers for Disease Control and Prevention, the vaccines are highly effective at preventing COVID-19 and/or keeping a person from becoming seriously ill even if they do contract COVID-19. Mack's refusal of the vaccine substantially undermines his assertion that reinfection is an extraordinary and compelling reason to justify release. *See, United States v. French*, 2021 WL 1316706, at *6 (M.D. Tenn. Apr. 8, 2021) ([T]he Court agrees with the Government that Defendant's refusal of the COVID-19 vaccine substantially

undermines his argument that his risk of reinfection constitutes an extraordinary and compelling reason that justifies his release. Courts have consistently refused to find extraordinary and compelling medical circumstances when a defendant declines the COVID-19 Vaccine.")

Additionally, since Mack tested positive for COVID-19 on February 8, 2021, he likely has some of form of natural immunity to COVID-19.

Even though Mack does have medical conditions, there is no extraordinary and compelling reason supporting compassionate release.

### C. Danger to the community

Had an extraordinary or compelling reason been found which met the burden required, this Court must still consider whether Mack remains a danger to the community, as required by U.S.S.G. § 1B1.12(2), which refers to 18 U.S.C § 3142(g). Furthermore, 18 U.S.C. § 3582 and the policy statement require the court to consider the sentencing factors set forth in 18 U.S.C. § 3553(a).

Mack must establish that he would not be a danger to the community, if released. In his motion, Mack maintains that he "has never been in any kind of serious trouble" and that if released, he will live with his mother [Doc. No. 133, pp. 11, 12].

Section 3142(g) sets out the factors courts must consider in deciding whether to release a defendant pending trial. The factors weighing in a petitioner's danger to the community include "the nature and circumstances of the offense charged," "the history and characteristics of the person," including "the person's character, physical and mental condition, family ties, … community ties, past conduct, history relating to drug or alcohol abuse, [and] criminal history," and "the nature and seriousness of the danger to any person or the community that would be posed

by the person's release." Similarly, § 3553(a), which sets forth the factors to consider in initially imposing a sentence, requires the Court to consider:

> (1) The nature and circumstances of the offense and the history and characteristics of the defendant; [and]
> (2) The need for the sentence imposed-
>   A. To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>   B. To afford adequate deterrence to criminal conduct; [and]
>   C. To protect the public from further crimes of the defendant.

The court must consider all pertinent circumstances, including the § 3553(a) factors and possible danger to the community. 18 U.S.C. § 3582(c)(1)(A).

Mack has not demonstrated he will not pose a danger to the community if he were released or that his release comports with the applicable § 3553(a) factors. Mack's underlying conviction and criminal history both indicate he will pose a danger to the community.

Mack's underlying conviction is for felon in possession of a firearm, possession with intent to distribute marijuana, and possession of a firearm in furtherance of a drug-trafficking crime. Mack's criminal history includes another five felony convictions related to drugs. Based on Mack's history, it is likely he would commit another crime and pose a danger to the community if released.

Finally, Mack has only served a fraction of his 180-month sentence. At the time he requested compassionate release, he had only served approximately thirteen percent of his total sentence and approximately forty percent of his mandatory minimum. This Court does not believe Mack has served enough of his sentence to reflect the seriousness of the offense, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant.

### III. Conclusion

For the above and foregoing reasons, **IT IS ORDERED** that the Motion for Compassionate Release [Doc. No. 133] filed by Jmarreon Mack is **DENIED**.

MONROE, LOUISIANA, this 8th day of March 2022.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE