UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL NUMBER 19-0029-01** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **JMARREON MACK** | **MAG. JUDGE KAREN L. HAYES** |

**MEMORANDUM ORDER**

Pending before the Court is a Motion for New Trial [Doc. No. 142] filed by Defendant J'Marreon Mack ("Mack"). An Opposition [Doc. No. 149] was filed by the Government on December 21, 2022. Mack filed a reply [Doc. No. 151].

For the reasons set forth herein, Mack's Motion for New Trial is **DENIED**.

**I.   BACKGROUND**

At the conclusion of a jury trial on November 19, 2019, Mack was found guilty of Possession of Marijuana with the Intent to Distribute (Count I); Possession of a Firearm by a Convicted Felon (Count II); and Possession of a Firearm in Furtherance of a Drug Trafficking Crime (Count III)[1]. This Court sentenced Mack on March 2, 2020. He was sentenced to 120 months as to Count I; 60 months as to Count II, to run concurrently with Count I; and 90 months imprisonment as to Count III, to run consecutively.[2]

The conviction and sentence were affirmed by the United States Court of Appeals for the Fifth Circuit on July 12, 2021.[3] A writ of certiorari to the United States Supreme Court was denied on February 22, 2022.[4]

---

[1] [Doc. No. 101].
[2] [Doc. No. 115].
[3] [Doc. No. 132].
[4] [Doc. No. 135].

On November 13, 2022, Mack filed the pending Motion for New Trial. In his Motion for New Trial, Mack alleges that he is entitled to a new trial in accordance with FED. R. CR. PROC. 33 because he was unaware, at the hearing on his Motion to Suppress on June 19, 2019,[5] that Master Trooper Christopher Hollingsworth ("Hollingsworth") had been involved in an arrest which resulted in the death of a defendant named Ronald Greene, approximately one month before the June 19, 2019, hearing. Mack alleged Hollingsworth and other troopers with the Louisiana State Police covered up their involvement in the Ronald Green incident. Because Hollingsworth was the trooper who stopped Mack at the time of his arrest, and the sole witness to the stop, Mack argues this issue relating to Hollingsworth's credibility is "newly discovered evidence", which entitles Mack to a new trial.

## II.   LAW AND ANALYSIS

### A.   LAW

FED. R. CR. PROC. 33 provides as follows:

> a) Defendant's Motion. Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires. If the case was tried without a jury, the court may take additional testimony and enter a new judgment.
>
> (b) Time to File.
>
> (1) Newly Discovered Evidence. Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty. If an appeal is pending, the court may not grant a motion for a new trial until the appellate court remands the case.
>
> (2) Other Grounds. Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty.

---

[5] [Doc. No. 51].

Mack maintains this Motion for New Trial is timely as it was brought within three years of the date of his November 14, 2019, jury verdict. This Court agrees that Mack's motion is timely.

The suppression of evidence favorable to an accused violates due process where the evidence is material either to guilt or to punishment, irrespective of the good or bad faith of the prosecution. *Brady v. Maryland*, 373 U.S. 83, 87 (1963). This duty applies to exculpatory and impeachment evidence. *Strickler v. Greene*, 527 U.S. 263, 280 (1999).

Undisclosed evidence is material if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. *Wood v. Bartholomew*, 516 U.S. 1, 5 (1995). A reasonable probability of a different result is shown when nondisclosure puts the case in a different light so as to undermine confidence in the jury verdict. *Kyles v. Whitley*, 514 U.S. 419, 434-35 (1995). The key is "whether the disclosure of the evidence would have created a reasonable probability that the result of the proceeding would have been different." *Felder v. Johnson*, 180 F.3d 206, 212 (5th Cir. 1999).

Motions for new trial based on newly discovered evidence are "disfavored and reviewed with great caution." *United States v. Erwin*, 277 F.3d 727, 731 (5th Cir. 2001). The power to grant a new trial based upon newly discovered evidence should be exercised infrequently unless warranted by "exceptional circumstances." *United States v. Tarango*, 396 F.3d 666, 672 (5th Cir. 2005).

In order to justify a new trial based upon newly discovered evidence, a defendant must prove five things:

> (1) the evidence is newly discovered and was unknown to the defendant at the time of trial; (2) the failure to detect the evidence was not due to a lack of diligence by the defendant; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence if introduced at a new trial would probably produce an acquittal.

*United States v. Wall*, 389 F.3d 457, 467 (5th Cir. 2004). If the defendant fails to demonstrate any one of these factors, the motion for new trial should be denied.

**B. ANALYSIS**

The only relevance of Hollingsworth's testimony is in regard to the hearing on Mack's Motion to Suppress. Mack argues that this is a Brady violation because the only evidence for the initial stop by Hollingsworth on April 12, 2018, was the testimony of Hollingsworth, and had he known of the Ronald Greene incident at the hearing on the Motion to Suppress, he would have been able to discredit Hollingsworth's testimony."To establish a Brady violation, a petitioner must make three showings: the issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that the evidence must have been suppressed by the [prosecution], either willfully or inadvertently; and prejudice must have occurred." *Moore v. Quarterman*, 534 F.3d 454, 460-61 (5th Cir. 2008). The Court finds that Mack has established that there was a Brady violation here. However, this does not affect the Court's ruling because the facts of the case do not establish that this would have affected Mack's verdict of guilty at the conclusion of the jury trial.

However, a review of the transcript of Hollingsworth's testimony, and of the dash-cam video[6] that was introduced at the hearing, provides evidence that corroborated Hollingsworth's testimony. Hollingsworth testified he saw Mack's oncoming vehicle slow down and fail to use his left-hand turn signal to turn. This was corroborated by the video. Hollingsworth turned around and stopped Mack in a parking lot. Mack argues the video showed Mack's back (but not front) left turn signal in operation at that time. When Hollingsworth testified about telling Mack his reasoning for conducting the stop, Mack told him that his blinker was not functioning properly

---

[6] [Doc. No. 51, Exh. 1].

because of front-end damage to his vehicle. Which corroborated with both the dash-cam video and Hollingsworth's reasoning for stopping Mack.

The video positively shows that Mack's front left turn signal was not signaling just prior to his left turn. Whether the front blinker was inoperable or not activated is irrelevant. In either case, there would have been a violation of La. R.S. 32:104 and, therefore, probable cause for the stop. The Government argues that a Motion for New Trial cannot be based upon a witnesses' truthfulness at a pre-trial hearing.[7] Even assuming that a Motion for New Trial can be based upon a witnesses' truthfulness at a pretrial hearing, Mack has failed to prove a reasonable probability that the outcome of Mack's Motion to Suppress would have been different. Hollingworth's dash-cam video proves Mack's left-front turn signal was not in operation just prior to Mack's left turn.

Additionally, this Court finds because the new evidence contravenes no element of the Government's case and speaks only to the credibility of the witness's testimony, it cannot support a motion for new trial. *United States v. Brumfield*, 713 F. App'x 395, 396 (5th Cir. 2018).

Mack's Motion for New Trial is therefore **DENIED.**

### III. CONCLUSION

For the reasons set forth herein,

**IT IS ORDERED** that the Motion for New Trial [Doc. No. 142] is **DENIED**.

MONROE, LOUISIANA, this 17th day of January 2023.

TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE

---

[7] [Doc. No. 149, pp.3-4].