**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| **USA** | **CASE NO. 3:19-CR-00029-01** |
| | **CASE NO. 3:23-CV-00117** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **JMARREON MACK** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

**MEMORANDUM ORDER**

Pending before the Court is Defendant J'Marreon Mack's ("Mack") *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Doc. No. 153]. Mack bases his motion on various claims, particularly that this Court erred in denying his Motion to Suppress, the Government failed to prove beyond a reasonable doubt that he had an intent to distribute the drugs found in his vehicle, that his prior attempted distribution conviction is not a qualifying predicate for the career offender enhancement, and that the possession with intent to distribute conviction is not a qualifying predicate for the same enhancement.

The Government has filed a Response [Doc. No. 157]. Mack has not replied.

For the reasons set forth herein, Mack's Motion is **DENIED**.

**I.    BACKGROUND**

On February 13, 2019, Mack was indicted for possession of marijuana with the intent to distribute, felon in possession of a firearm, and possession of a firearm during a drug trafficking offense.[1]  A superseding indictment[2] was returned on June 24, 2019.

A Motion to Suppress[3] was filed by Mack, which was heard on June 19, 2019.  After said hearing, a Report and Recommendation was issued, recommending the Motion to Suppress be

---

[1] [Doc. No. 1]
[2] [Doc. No. 45]
[3] [Doc. No. 23]

denied.[4] On July 2, 2019, this Court entered Judgment[5] adopting the Report and Recommendation and denying Mack's Motion to Suppress.

Mack's charges proceeded to trial and on November 14, 2019,[6] after a two-day jury trial, the jury found Mack guilty as charged. On March 4, 2020, Mack was sentenced to 120 months imprisonment on Count One, 60 months imprisonment on Count Two, and to 90 months imprisonment on Count Three, with Count Three to run consecutively with Counts One and Two.[7]

Mack filed a Notice of Appeal[8] and on July 12, 2021, the United States Court of Appeals for the Fifth Circuit ("Fifth Circuit") affirmed Mack's convictions and sentence.[9] One of the issues on appeal dealt with Mack's Motion to Suppress. Mack's petition for writ of certiorari was denied by the United States Supreme Court on February 22, 2022.[10]

On November 13, 2022, through his attorney, Mack filed a Motion for New Trial.[11] The motion was based upon prior conduct by the Louisiana State Police trooper who had stopped Mack, testified at the hearing on Mack's Motion to Suppress, and testified at the trial. On January 17, 2023,[12] Mack's Motion for New Trial was denied. In his Motion for New Trial, Mack alleged that Louisiana State Police Master Trooper Christopher Hollingsworth ("Hollingsworth") had been involved in the arrest of Ronald Green approximately one month prior to his hearing on the Motion to Suppress. Mack further alleged the arrest of Green resulted in Green's death and that Hollingsworth, along with other officers, were involved in a cover-up of what had occurred. On

---

[4] [Doc. No. 32]
[5] [Doc. No. 34]
[6] [Doc. No. 102]
[7] [Doc. No. 115]
[8] [Doc. No. 118]
[9] [Doc. No. 132]
[10] [Doc. No. 135]
[11] [Doc. No. 142]
[12] [Doc. No. 152]

January 30, 2023, Mack filed a Notice of Appeal[13] regarding the denial of his request for a new trial. This issue is currently on appeal.

On January 24, 2023, Mack filed the instant Motion[14]. Mack argues that this Court erred in denying his Motion to Suppress, the Government failed to prove beyond a reasonable doubt that he had an intent to distribute the drugs found in his vehicle, that his prior attempted distribution conviction is not a qualifying predicate for the career offender enhancement, and that the possession with intent to distribute conviction is not a qualifying predicate for the same enhancement. Mack specifically bases these claims upon the newly discovered evidence regarding Trooper Hollingsworth's involvement with the arrest and/or death of Ronald Green. Mack further argues that the involvement of Hollingsworth in the Green death was not revealed to him and that it would have resulted in a different outcome in the Motion to Suppress and/or the trial.

In its Opposition,[15] the Government argues that this Court does not have jurisdiction to consider Mack's Motion to Vacate because an appeal is pending regarding this issue.

**II.   LAW AND ANALYSIS**

The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over these aspects of the case involved in the appeal. *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58 (1982). An appellate court retains jurisdiction over an appeal unless it has issued a mandate to implement its judgment. *United States v. Cook*, 592 F. 2d 877, 880 (5th Cir. 1979).

Dual jurisdiction can be exercised in some circumstances, none of which apply here. FED. R. APP. P. 4(b). After a defendant files a notice of appeal, the district court retains only the authority

---

[13] [Doc. No. 156]
[14] [Doc. No. 153]
[15] [Doc. No. 157]

to facilitate the appeal or correct any clerical errors. *United States v. Pena*, 713 F. App'x 271, 273 (5th Cir. 2017).

This Court finds it does not have jurisdiction to consider Mack's Motion to Vacate, which involves the same issues on appeal as the appeal of Mack's Motion for New Trial.

### III. CONCLUSION

For the reasons set forth herein,

**IT IS ORDERED** that Mack's Motion to Vacate [Doc. No. 153] is **DENIED WITHOUT PREJUDICE.**

MONROE, LOUISIANA, this 24th day of February 2023.

_____
**TERRY A. DOUGHTY**
**UNITED STATES DISTRICT JUDGE**